Mores Javier ROJAS-CRUZ, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney
General, Respondent.

No. 16-71056

United States Court of Appeals,
Ninth Circuit.

Submitted February 13, 2018 *

Filed February 21, 2018

Peter D. De Bruyn, Attorney, Long
Beach, CA, for Petitioner

David H. Wetmore, Attorney, DOJ—
U.S. Department of Justice, Civil Divi-
sion/Office of Immigration Litigation,
Washington, DC, Chief Counsel ICE, Of-
fice of the Chief Counsel, Department of
Homeland Security, San Francisco, CA,
for Respondent

Before: LEAVY, FERNANDEZ, and
MURGUIA, Circuit Judges.

MEMORANDUM **

Mores Javier Rojas-Cruz, a native and
citizen of El Salvador, petitions for review
of the Board of Immigration Appeals' or-
der dismissing his appeal from an immi-
gration judge's ("IJ") decision denying a
motion to continue and ordering removal.
Our jurisdiction is governed by 8 U.S.C.
§ 1252. We review for abuse of discretion
the agency's denial of a motion to continue,
and review de novo constitutional claims.
*Sandoval-Luna v. Mukasey*, 526 F.3d
1243, 1246 (9th Cir. 2008). We deny in part
and dismiss in part the petition for review.

The agency did not abuse its discretion
in denying Rojas-Cruz's motion for a
fourth continuance for failure to show good
cause, where the IJ repeatedly warned
him that no further continuances would be
granted, and where he had over 21 months
to complete his applications for relief but
did not submit them by the deadline set by
the IJ. *See* 8 C.F.R. §§ 1003.29 (an IJ
"may grant a motion for continuance for
good cause shown"); 1003.31(c) (applica-
tions not filed by deadline set by IJ are
deemed waived); *Ahmed v. Holder*, 569
F.3d 1009, 1012 (9th Cir. 2009).

The record does not support Rojas-
Cruz's contention that his waiver of his
statutory right to counsel was not intelli-
gent and voluntary. *See Tawadrus v. Ash-
croft*, 364 F.3d 1099, 1103 (9th Cir. 2004)
("In order for a waiver [of the right to
counsel] to be valid, an IJ must generally:
(1) inquire specifically as to whether peti-
tioner wishes to continue without a lawyer;
and (2) receive a knowing and voluntary
affirmative response."(internal citations
omitted)).

We lack jurisdiction to consider Rojas-
Cruz's unexhausted contention regarding
the rescheduling of his October 2013 hear-
ing. *See Tijani v. Holder*, 628 F.3d 1071,
1080 (9th Cir. 2010).

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.